May it please the Court, Mr. McClain. My name is Mike Sherwood. I represent Mr. Omer. I would like to reserve four minutes for rebuttal. Let's see how I do here. What I intend to discuss this morning, unless the Court has other questions, is two major issues that are prevalent through the better half of my brief, and that is, one, was the prosecution required to allege and prove that Mr. Omer had made a knowingly false and material statement in order to convict him of bank fraud? And two, did he make such a statement? First of all, with respect to the first question, it's my position, and I believe the U.S. Supreme Court's position, that the prosecution must allege and must prove that Mr. Omer made a knowingly false material statement in order to convict him of bank fraud. In the absence of an allegation in that regard, is it enough if, in a case, not necessarily this case, but in a case, that the government offer to prove materiality and, in fact, prove it? Or is the mere absence of the allegation reversible error? Well, Your Honor, this Court in DuBois has said that if the prosecution fails to allege an essential element of the offense, then the defendant's right to have a grand jury review the charge has been violated, and it is reversible, and it is non-curable, because there's nothing the prosecution can do but try. Back to my initial point, the United States Supreme Court, four years before Mr. Omer was charged, ruled in Nieder v. United States that, and Nieder was a bank fraud case, in part, that the Supreme Court or that the prosecution must prove a material falsehood or omission. Well, refresh me, counsel. In Nieder, I don't think the indictment included the information either, did it? Or am I mistaken in that? Pardon, Your Honor? In Nieder, do you recall if the indictment included the materiality element or not? It's hard to tell, at least hard to tell from the opinion. It is, Your Honor. And I don't know that the indictment did, nor do I believe that the absence of materiality was raised pretrial. I believe it was raised at trial and post-trial. So your argument was it simply wasn't an issue in the case because we don't even know if it was preserved, if, in fact, that error occurred. Well, certainly the materiality issue was preserved. Right. At least the Supreme Court thought so. But I don't know when it was raised. And I think that makes a difference as far as relying on DuBose. If, in fact, I had not raised this pretrial, then I don't know. I think that your job then would be one of reviewing for plein air rather than de novo. Let me just kind of unbundle two things that seem to be that most of the time in the briefs, but not all of the time, the discussion is as to materiality of a false statement. But because the Ninth Circuit doesn't require a false statement under bank fraud, should we more accurately kind of split those up and just determine, for example, in the indictment whether there was a requirement for allegation of materiality as to the artifice or fraud separate from a false statement? Judge, I would respectfully disagree with your position that the Ninth Circuit does not, perhaps it has not in the past, required a false statement. And in the pre-Meader cases, Lustinger, for instance, that's exactly what the Court did. But since Meader in 1999, the Ninth Circuit really hasn't addressed this issue directly. In King, which is cited in my brief, the Court talks about the absence of or the not ‑‑ I would hesitate to call it a holding, but talks about the need for a false statement and then finds those false statements made by King. Then goes on to find that they are, in fact, material in a court's mind, although there is no specific, I think, factual basis for that in the record. Here in the record, candidly, Mr. Omer made or made a request saying, look, these checks are good, please honor them. Probably not as strong as the peg on which this Court hung its hat in King, but the two bank employees, Ms. Garcia and Ms. Perez, to whom he made that statement, testified at trial, I believe at page 329 of the transcript, that it didn't really matter what he had to say. It wasn't going to be material. We were not going to honor his request. So under Lopez, which I think I've cited in my brief, those statements by Mr. Omer could not have been material. But more importantly, those are the only statements he made. And that's my second point here, is that in 1982, the United States Supreme Court in Williams found that writing a bad check, issuing a bad check, drawing a bad check, is not a false statement. And indeed, while that being the case, then the only statements that Mr. Omer made were those to the two bank employees who said these weren't material to our decision and could not have been material. In fact, they denied his request. But there wasn't any reason or there wasn't any possibility they would have branded it because, in fact, they were governed by their own Reg CC policy. Well, let me just make sure I understand that, in your view, you have to have a false statement in order to prove bank fraud. There aren't other means of proving bank fraud apart from a false statement. Precisely. I know that this Court in Woods issued an opinion saying we couldn't find a specific false statement. Right. But in Woods, this Court also recognized that there were a whole series of statements when taken conjunctively clearly were designed to defraud. No specific statement. Although they did say in that case they hearkened back to Halbert in those pre-Nieder cases and said they still were good law after Nieder, correct? Well, Judge, they did. But I would respect, I mean, you're Title III judges, but the Hutto Doctrine says that this Court should follow precedents set by the Supreme Court. And in Nieder, the Court said specifically there must be a false statement. Now — Well, if I understand your argument, Mr. Sherwood, are you saying that, absent any statements, that one could never get a conviction for bank fraud in a check-tiding scheme? Yes. I would respectfully assert that it may be under another theory, but simply floating checks and not honoring them. And that was stated in Williams, that if the United States Supreme Court didn't think — now, that was a 1014 violation, but it said we don't think what Congress is doing is passing a national bad check law here. Right. If, in fact, they were to say that, or if, in fact, this Court said, yes, we're going to allow Federal prosecutions for bad checks, then I would respectfully suggest that you not buy any season tickets to any sporting events. You know, I guess I'm having some trouble, and maybe I don't think I'm arguing over something that is insignificant. I don't know that it hurts your client. I mean, I think that's why, since you're running from it, but I think it's a question of trying to unpack the law. But what Nieder held is simply that materiality is an element of the bank fraud statute. Isn't that really what Nieder held? That was a holding in Nieder, but as I cited in my brief, the Court at page 22 specifically said it recognized that the appellate court, the circuit court, had found that an essential element of the offense was not a fraudulent statement, and I believe I cited the language specifically, and then went on to say, we disagree. And then at the end of the Nieder decision, again, they specifically said that a materially false statement is an essential element of mail, bank fraud, and wire fraud under the federal statutory scheme. And while I recognize that this Court was willing to sort of maybe go beyond that in Woods, where we had an interstate fraud scheme for millions of dollars on a magazine thing, what we're talking about here is bank fraud. There are other statutes, state statutes, that have traditionally governed this sort of behavior, and I think that the Court, as far back as Williams was saying, we're not going to have federal courts getting into a national bad check law. In your view, we could stop with our analysis of the indictment. Is that correct? Pardon? In your view, we could simply stop with our analysis of the indictment as being deficient. Under DuBois, because it alleges neither materiality nor statement. You wanted to save about four minutes. I did, and I'm just about there, Your Honor. Thank you. Thank you. We'll hear from the government at this time. Mr. McLean. Good morning, Your Honors. My name is Chris McLean. I'm an assistant United States attorney. I live and work in Missoula, Montana. And the defendant is arguing the same major points to this Court that he argued pre-trial and during trial. And in essence, he is arguing that the government can never obtain a conviction for bank fraud in a pure check-hiding scheme where no false statements are made. And he does that by misinterpreting Nieder and misapplying this Court's decision in Williams. In Nieder, the Supreme Court determined that a material falsehood is an element of Federal mail, wire, and bank fraud statements or cases. In Williams, it was a 1014 case, and this Court determined that a check presented to a bank is not a statement. No, Williams was a Supreme Court case. I'm sorry? Williams was a Supreme Court case. Very good. And when you combine those two, at least according to the defendant, he's saying that the Federal bank fraud statute requires proof of a material false statement. And as I argue to the District Court, and as I'll assert here, we need to keep in mind that the indictment in this case charged the defendant with violating 18 U.S.C. Section 1344.1, not the second subsection, 2. And there is a distinct difference in the elements of those two crimes. This Court did recognize in McNeil that the scope of the first and second subsections of 1344 differs substantially. And in the Woods case, which has been mentioned already, the defendant there was making the same argument that Mr. Omer makes to this Court. I took the argument in Woods to be somewhat different. I took the argument in Woods to talk about specificity, not materiality. Do you think there's a difference? I don't know that there is a difference, at least the way that it's being presented to this Court. We did not charge Mr. Omer with making a false statement. And that's the beginning of our analysis. We charged him with devising a scheme to defraud. And I think we do need to unbundle these two concepts of materiality and statement. I agree with that, at least as I read the cases. But I'm not sure that that gets you past the issue of materiality. Isn't materiality still required after Nieder? And there's no materiality allegation in the indictment. Judge, I think that is a very good question in that, how do you have materiality as an allegation without a false statement? Where does the materiality in a course of a charging document like this one, where would we put that word, material? I think what we've alleged here sufficiently sets forth materiality when you look at the entire scheme, that clearly the method that is employed to set forth the indictment is a course of conduct that is, in fact, material. Let's say that you don't need a statement. Right. And all he did every day is kiss her goodbye and say, have a nice day and good luck out there on this scheme that we're undertaking, or you're undertaking. Clearly that wouldn't be material to the execution of the scheme, right? Right. He would just be a starstruck lover, right? So if Nader requires materiality in the Bankfront Statute, why shouldn't it have been alleged here, even if you're not relying on a false statement? You still need, it seems to me, you still need materiality after Nader. And I submit that we have it in Count 1. I mean, we set forth the nature of this scheme with Tabor and Omer systematically depositing non-sufficient funds, checks at six financial institutions, creating a float, and then using that float to deceptively. You said that you have it by implication but not by allegation, correct? The word material was not in Count 1. Okay. So if your benchmark, again, if the allegation is the kiss or whatever, how is the grand jury or ultimately the jury to benchmark that against the Bankfront Statute if you don't allege materiality as an element of the Bankfront? I think this Court, in the Woods case, set forth how we proceeded in this case in the indictment. It says the fraudulent nature of the scheme or artifice to defraud is measured by a non-technical standard. Thus, schemes are condemned which are contrary to public policy or which fail to measure up to the reflection of moral uprightness of fundamental honesty, fair play, and right dealing in the general and business life of members of society. And then, of course, this Court holds these holdings, which squarely foreclosed the defendant's argument in Wood, were in no way undermined by neither. Okay. But maybe I'm missing something here in terms of what's required. I understand that argument and the application of those principles. But do you have any case that says materiality as an allegation is excused if you have, on the other side, all of these other principles at play? Judge, I can't point to one. What we're relying on here is the charge under 1344.1 and neither, which says a material falsehood is a necessary element of generically Federal mailwire and bank fraud statutes. We assert, as a backup position here, that that Court was considering and talking about 1344.2 where we are, in that instance, where we actually do have to apply to allege a scheme to defraud through the use of false statements. So let me ask you, if, just hypothetically, I know you don't agree with this, but if the Supreme Court were talking about bank fraud, and not one or two, but bank fraud under the statute, and if materiality is an element of bank fraud, then this indictment would be deficient. Is that correct? I do not agree with that. I do not agree with that. I mean, no. What's your best case for saying you wouldn't need to explicitly allege an element of the crime in the indictment? Judge, I don't have one in my notes. I don't think I actually cited one in my brief because I just the defendant hasn't made this argument yet, but I understand the Court's focusing on that. I thought the defendant made it somewhat, but that there was some merger of these arguments just because of the way statements and neither were kind of mushed together, I guess, if you will. That is very true. That is very true, the way the statements are mushed together. I thought the argument was embedded in the brief. And I would really urge the Court to take a good look at count one, as we've alleged it in this case, because we don't just use the generic intent scheme to defraud language that we sometimes use in charging check-kiting. In this case, we set forth a detailed series of actions by the defendants which clearly set forth material conduct. And I'm guessing or gathering from the Court's concerns that that really is what the way you would be looking at it, Judge, is that we need to allege some sort of material conduct. I think it's included in the scheme to defraud language we're asserting. I think the difficulty is, your best argument on that is that you have to imply or infer, we have to infer materiality from the indictment as being adequately required. Right? Yes. Yes. If material false statements are required, then we would need to infer that from the indictment. Or that materiality in general is required. And I'm really at a loss to understand what that means. What does that mean? That's the issue that the government has in this case, is materiality with respect to what? The scheme to defraud would be our answer. It was a material scheme to defraud, as we've set forth in the indictment. Well, except you didn't use the word material. That's true. Right. That is true. Well, we don't. I mean, this is one of those dangling things left to us by the Supreme Court. Occasionally that happens. It does. I think we understand your argument. Thank you very much. Thank you very much. And your rebuttal at this time. Two points, Your Honor. First, when Judge Thomas asked me about, well, does that mean that a pure check kind scheme could never be bank fraud? And I said, yes. I don't expect you to rely simply on Sherwood and Law here. As I pointed out in my brief, the Third Circuit in Schwartz had made that determination and then Post-Neder reversed its position in a case called Thomas. And those both are cited in my briefs. Secondly, I want to address what Mr. McClain had to say here about, well, this was an allegation under 1344.1 as opposed to 2. In McNeil, this Court said the distinction between 1 and 2 really has to do with whose money it is, not what needs to be done here. But I recognize in 1344.1 the language does not specifically say that there must be a statement that's false. It says a scheme or artifice to defraud. But again, I would direct this attention, this Court's attention, first of all, to Thomas that I just cited from the Third Circuit, but to the actual language of Neder at page 22. And it doesn't say 1344 generically. It doesn't say 1344.2. It says that a scheme or artifice to defraud a bank must include a material falsehood or omission. In other words, the language that's contained in 1344.1, the scheme or artifice to defraud language, in and of itself must include a false, materially false statement. And here the prosecution neither pled that nor proved it, even alleged it at trial. Okay. Thank you. Thank you for your argument. Thank both sides for their argument. The case just argued will be submitted for decision, and the Court will stand in recess for the day. Mr. Sherwood, can I just ask a point of information? Are you the same Mr. Sherwood who argued the Grasser case in the Supreme Court in Montana? I am. Okay. I just happened to – I thought it was the same name. We happen to have that case on the calendar tomorrow. Thank you. Okay. I hope you have a little more success. I'll give you that. All right. This is closed for discussion.  Thank you. Thank you.  Thank you. Thank you. Thank you. Thank you.
judges: Hawkins, Thomas, McKeown